```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                      CHARLESTON
```

**HARVEY P. SHORT,**

    **Plaintiff,**

v.                                    Case No. 2:07-cv-00968

**VICKIE GREENE, Jail Administrator,
et al.,**

    **Defendants.**

## O R D E R

On December 31, 2007, Plaintiff filed a Complaint (docket sheet document # 2). The Complaint contains allegations that certain staff at the Southwestern Regional Jail used excessive force against him, improperly pepper sprayed and attacked him, causing injuries, and that medical staff were deliberately indifferent to his serious medical needs. The Complaint alleged that these events took place on November 6, 2007. (Id.)

On January 10, 2008, before the summonses had been executed, Plaintiff filed an Amended Complaint (# 7), in which the only amendment made was to change the date of the incident from November 6, 2007 to December 6, 2007. Otherwise, the Amended Complaint was identical to the original Complaint.

On October 16, 2008, Plaintiff filed a Motion for Leave to Amend the Complaint (# 48). In the proposed amended complaint attached to the motion, Plaintiff seeks to name seven additional

correctional officers whom he claims were involved in the altercation that is the subject of his civil action. The new proposed defendants are Officer Paula Thomas, Officer Gregory Moore, Officer Paul Smith, Corporal Thomas Kazee, Officer Daniel Jackson, Officer Jimmy Brile, and Officer Glen Gollihue.

On November 25, 2008, no action having been taken on his prior Motion for Leave to Amend Complaint, Plaintiff filed another Motion for Leave to Amend Complaint, with another proposed amended complaint (# 57). The proposed amended complaint attached to the second Motion for Leave to Amend is identical to the proposed amended complaint attached to the first Motion for Leave to Amend, with the exception of seven additional paragraphs containing allegations against Nurse Cathy Booth. (# 57-2 at 10-11).

Rule 15(a) of the Federal Rules of Civil Procedure provides that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The defendants have not opposed Plaintiff's motions to amend, and the undersigned finds that it is in the interests of justice to allow the amendment of the complaint. Accordingly, it is hereby **ORDERED** that Plaintiff's Motions to Amend Complaint (## 48 and 57) be **GRANTED**.

As noted previously, the two proposed amended complaints are identical, with the exception of additional allegations against defendant Cathy Booth contained in ¶¶ 30-36 in the second proposed amended complaint (# 57). Because the second proposed amended

complaint appears to be the most complete document, and the document on which Plaintiff intends to proceed, the court will use that version in addressing Plaintiff's claims from this point forward. The Clerk is directed to docket a copy of the proposed amended complaint attached to the motion in # 57 as "Plaintiff's Second Amended Complaint." The Clerk is also directed to modify the docket to reflect the addition of the seven new defendants.

The Clerk is further directed to prepare summonses for the seven new defendants. Attorney Chad M. Cardinal, counsel for the West Virginia Regional Jail and Correctional Facility Authority, has agreed to accept service of process on behalf of defendants Paula Thomas, Gregory Moore, Paul Smith, Jimmy Brile and Glen Gollihue, who are still employed by the Regional Jail Authority. Summonses for those defendants should be addressed to each defendant "c/o Chad M. Cardinal, West Virginia Regional Jail and Correctional Facility Authority, 1325 Virginia Street East, Charleston, WV 25301," and sent by certified mail, return receipt requested, to Mr. Cardinal.

Mr. Cardinal has advised the undersigned's staff that he is unable to accept service of process for defendants Thomas Kazee and Daniel Jackson, who are no longer employees of the Regional Jail Authority. However, by June 15, 2009, Mr. Cardinal is requested to provide the Court, in camera, with the last known addresses for these two defendants, so that the Clerk may prepare summonses and

3

have service of process made on them.

Pursuant to Rule 15(a), all of the defendants, with the exception of defendants Kazee and Jackson, shall have ten (10) days from the entry of this Order to file a response to Plaintiff's Second Amended Complaint.[1]  If Defendants' responses are a motion to dismiss, or motion for more definite statement, further briefing will be ordered by the court, upon such filing.

Pending before the court is a Motion to Dismiss or, in the alternative, Motion for Summary Judgment, filed by defendant Cathy Booth (# 50).  The amendments to the Plaintiff's Complaint include additional allegations against defendant Booth, which must be addressed anew.  Therefore, in light of the amendments to the Plaintiff's Complaint, defendant Booth's Motion to Dismiss or, in the alternative, Motion for Summary Judgment (# 50) is hereby **DENIED WITHOUT PREJUDICE**.

Also pending are two Motions to Compel filed by Plaintiff on December 2, 2008 (# 58) and February 25, 2009 (# 65).  Plaintiff's first motion states that his First Set of Interrogatories and Requests for Production of Documents, which were served on Mr. Cardinal on or about October 15, 2008, had gone unanswered, despite Plaintiff's letter to Mr. Cardinal on November 18, 2008, requesting the responses.  However, on December 2, 2008, the same day that the

---

[1] The answers/responses of defendants Kazee and Jackson shall be due in accordance with the Federal Rules of Civil Procedure, following service of process on them.

first Motion to Compel was filed, the docket sheet shows a Certificate of Service filed by Mr. Cardinal for service of responses by defendant Vickie Greene to Plaintiff's First Set of Discovery (# 59).

Plaintiff's second Motion to Compel (# 65) asserts that Interrogatories and Requests for Admissions that were served on the defendants on or about January 15, 2009, had not been answered. However, on March 3, 2009, there are Certificates of Service filed by attorney David Wyant, counsel for defendant Cathy Booth, for Answers to Plaintiff's Second Set of Interrogatories and Requests for Admissions. (## 66, 67).

In light of these docket entries, it would appear that Plaintiff has received responses from the defendants to the discovery requests that are the subject of Plaintiff's motions. Accordingly, Plaintiff's Motions to Compel (## 58 and 65) are hereby **DENIED** without prejudice. If there are any discovery requests still outstanding, or still in dispute, Plaintiff may file a new motion, and Plaintiff is requested to provide the court with a copy of the discovery requests that are in dispute and the defendants' responses thereto.

A Time Frame Order will be entered by the court following receipt of the responses from the defendants to Plaintiff's Second Amended Complaint.

The Clerk is directed to mail a copy of this Order to Plaintiff and to transmit a copy to counsel of record.

ENTER: June 4, 2009

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge